HARRIET L. LUTHER et al., Appellants, *v.* GUARANTY TRUST COMPANY OF NEW YORK, as Trustee under a Deed of Trust between Edward S. Luther and Guaranty Trust Company of New York, Respondent.

First Department, June 22, 1943.

*Jacob I. Goodstein* for appellants.

*Otis T. Bradley* of counsel (*E. E. Peterson* with him on the brief; *Davis Polk Wardwell Gardiner & Reed,* attorneys), for respondent.

*Per Curiam.* We think the evidence sufficiently sustains the referee's finding denying surcharge. But the case was greatly overtried and the expenses of over $18,000 imposed upon plaintiffs, who brought the action in entire good faith, are grossly excessive. To pay such expenses it will be necessary to sell a part of the securities which form the sole liquid assets of the trust.

While it was necessary to make some preparation for testimony on other properties (as to which objections were not withdrawn by plaintiffs until after the trial had started) it was not reasonably necessary to retain so many separate real estate experts to prepare to testify on the same properties. Except for the defendant's two real estate appraisers who testified at the trial, there is no affidavit by any other expert appraiser to show the extent of the services; the statements they prepared are not even submitted. Accordingly, no allowance whatever should be made payable out of the estate for retaining the additional real estate experts except a reasonable allowance for the services of the construction engineers who prepared to testify as to the construction value of one of the properties. We think, too, that the allowances to defendant's counsel and the referee were too liberal.

Allowances made should be reduced as follows — to the defendant's two real estate appraisers who actually testified at the trial and prepared on other properties $600 each for all services; to the construction engineers who prepared to testify $250; to defendant's counsel for all services and disbursements $3,014.81; and to the referee $1,500.

The stenographer's fees should be allowed and the other disbursements of defendant, except as disallowed or reduced herein.

The judgment appealed from should be modified accordingly, and as so modified affirmed, without costs.

MARTIN, P. J., UNTERMYER, DORE, COHN and CALLAHAN, JJ., concur.

Judgment unanimously modified in accordance with opinion, and as so modified affirmed, without costs. Settle order on notice.